## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 05-34088-DHW |
| | Chapter 11 |
| FRANK A. TUCKER, JR., | |
|     Debtor. | |
| _____ | |
| FRANK A. TUCKER, JR., | |
|     Plaintiff, | |
| v. | Adv. Proc. No. 06-3091 |
| FIRST CITIZENS BANK, | |
|     Defendant. | |

### MEMORANDUM OPINION

On April 20, 2007, First Citizens Bank ("First Citizens" or "defendant") filed a motion for summary judgment in this adversary proceeding (Doc. #13). The motion was set for hearing on May 21, 2007. Prior to the hearing, the plaintiff, Frank A. Tucker, Jr., (hereinafter "Tucker") filed a response in opposition to the defendant's motion (Doc. #17).

### Jurisdiction

The court's jurisdiction in this adversary proceeding derives from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. Further, because the complaint is one seeking avoidance of a fraudulent transfer under 11 U.S.C. § 548, this is a core proceeding thereby extending this court's jurisdiction to the entry of a final order or judgment. *See* 28 U.S.C. § 157(b)(2)(H).

## Facts

Tucker does not dispute First Citizen's version of the relevant facts which are summarized as follows.

In June 2002, Tucker and his wife obtained a $67,100 unsecured loan from First Citizens. Tucker renewed the note in February 2004 in the amount of $63,144.59. In November 2004 Tucker paid interest due and renewed the note for a second time. The second renewal in the amount of $62,602.17 was to come due on August 1, 2005. Tucker does not dispute this obligation or contend that it was subject to any contingencies.

On April 7, 2005 Tucker, through his counsel, sent First Citizens a check for $64,819.32, paying off the second, renewed note together with accrued interest. On October 16, 2005, Tucker filed his petition for bankruptcy relief in this court.[1]

## Conclusions of Law

The standard for summary judgment established by Fed. R. Civ. Proc. 56 is made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. Proc. 7056. The rule provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. Proc. 56(c).

Summary judgment is appropriate when "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "In making this determination, the court must

---

[1] Tucker originally filed for relief under chapter 13, but the case was later converted to one under chapter 11.

2

view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport,* 229 F.3d 1012, 1023 (11th Cir. 2000). In the case at bar, the parties agree that there is no factual dispute.

Through this adversary proceeding, Tucker seeks to recover the $64,819.32 paid to First Citizens within one year before filing for bankruptcy relief on the theory that the transfer is avoidable as a fraudulent conveyance under 11 U.S.C. § 548(a)(1)(B). The statute provides:

> (a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
> (A) . . .
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> > (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> > (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
> > (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a)(1).[2]

To prevail, Tucker has the burden of proving the elements of a

---

[2] 11 U.S.C. § 548(a)(1) was amended by The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. No. 109-8)("BAPCPA"). Those amendments, however, were generally made effective to cases filed on or after October 17, 2005. Tucker's bankruptcy case was filed on October 16, 2005. The BAPCPA amendments to § 548(a)(1) do not apply to this proceeding.

3

constructive fraud claim. Tucker must prove that (1) he had an interest in property; (2) the transfer of that interest occurred within one year preceding the bankruptcy petition; (3) he was insolvent at the time of the transfer or became insolvent as a result of it; and (4) he received less than reasonably equivalent value in exchange for the transfer. *Dionne v. Keating (In re XYZ Options, Inc.)*, 154 F.3d 1262, 1275 (11th Cir. 1998).

As used in § 548, the term "value" includes "satisfaction . . . of a present or antecedent debt of the debtor. . . ." 11 U.S.C. § 548(d)(2)(A). Therefore, once Tucker paid his undisputed debt to First Citizens, value was given not only by Tucker but by First Citizens through the release of its claim. The question then turns to whether the value given by First Citizens constituted reasonably equivalent value. Tucker has the burden of proving a lack of reasonably equivalent value. *Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.)*, 904 F.2d 588, 593-94 (11th Cir 1990). Yet, as a matter of law, he cannot do so.

"[R]epayment of an antecedent debt constitutes fair consideration unless the transferee is an officer, director, or major shareholder of the transferor." *Atlanta Shipping Corp. v. Chemical Bank*, 818 F.2d 240, 249 (2nd Cir. 1987). Payment on account of an antecedent debt "is ordinarily not recoverable as a fraudulent transfer" because the existing debt is deemed valid consideration for the payment. *C.H. Rider & Family v. Wyle (In re United Energy Corp.)*, 102 B.R. 757, 763 (B.A.P. 9th Cir. 1989), aff'd 944 F.2d 589 (9th Cir. 1991); cf. *Wootton v. Barge (In re Cohen)*, 875 F.2d 508 (5th Cir. 1989). A reduction in debt is sufficient to establish equivalent value. *Uiterwyk Corp. v. Maher Terminals, Inc. (In re Uiterwyk Corp.)*, 75 B.R. 33, 34 (Bankr. M.D. Fla. 1987); *Coors of N. Miss. v. Bank of Longview (In re Coors of N. Miss.)*, 66 B.R. 845, 862 (Bankr. N.D. Miss. 1986). "Satisfaction of an antecedent debt or pre-existing liability is generally considered a fair consideration if the property conveyed is fairly equivalent in value to the debt satisfied." 37 Am. Jur. 2d *Fraudulent Conveyances and Transfers*, § 29 (2007).

Again, in this case Tucker transferred to First Citizens funds sufficient to pay off his undisputed, antecedent obligation. Tucker received reasonably equivalent value for this transfer through First Citizens' release of its claim once the antecedent debt was paid.

4

## Conclusion

Having found that reasonably equivalent value was given by First Citizens in exchange for Tucker's transfer, the court concludes Tucker cannot prove an essential element of his constructive fraud claim. It follows that First Citizens' motion is well taken and due to be granted. In accordance with Bankr. R. Civ. Proc. 9021, an order, consistent with this memorandum opinion, will enter separately granting First Citizens' motion for summary judgment and dismissing this adversary proceeding.

Done this the 25th day of May, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Von G. Memory, Plaintiff's Attorney
  Michael E. Jones, Defendant's Attorney